UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL SURETY CORP., a/s/o Hallston Realty Assoc., LLC, <br><br>   Plaintiff, <br><br>v. <br><br>INDIA TEA AND SPICES, INC., <br><br>   Defendant. <br><br>and CAFÉ BELO RESTAURANT, INC., <br>   Defendant/Third-Party Plaintiff, <br>v. <br><br>CARPENTER & CO., <br><br>   Third-Party Defendant. | Civil Action No. 09-11771-LTS |

ORDER ON DEFENDANT CAFÉ BELO'S AND
DEFENDANT INDIA TEA'S MOTIONS FOR SUMMARY JUDGMENT

January 12, 2012

SOROKIN, M.J.

  At the status conference in December, the parties requested that the Court proceed with the pending motions for summary judgment despite a bit of ongoing discovery as that additional discovery would not bear on the pending motions. In addition, the parties reported that resolution of the motions would facilitate an anticipated upcoming mediation. Accordingly, the Court scheduled a hearing on the Motion for March 12, 2012, a date suggested by the parties. The Court has now reviewed all the papers pertaining to the pending motions. In this case, the Court does not

believe a hearing is necessary as the papers clearly and completely illuminate the issues in dispute. Accordingly, the hearing on the motions is CANCELLED. As explained below, both motions are DENIED.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff National Surety Corporation ("National Surety") filed this subrogation action on October 21, 2009, against Café Belo and India Tea and Spices, Inc. ("India Tea") seeking to recover payments that it made to its insured, Hallston Realty Associates, LLC ("Hallston"), for damages Hallston sustained as the result of a fire that occurred on November 28, 2008, at a shopping center owned by Hallston. National Surety alleges that the fire was caused by the negligence of Café Belo and/or India Tea.

Hallston owned a shopping center located at 177-193 Brighton Avenue, Brighton, Massachusetts (the "shopping center"). Carpenter & Company was the property manager of the shopping center. Effective April 1, 1999, Hildo DaCosta and Hallston entered into an Assignment of a pre-existing Lease Agreement for tenancy of the premises at 181 Brighton Avenue. DaCosta signed this lease in his individual capacity. DaCosta and Hallston entered into amendments to this lease in 2001, 2006 and 2007. At no time did DaCosta sign the lease in any capacity other than as an individual doing business as Café Belo. DaCosta is not a defendant in this action, rather a corporation named Café Belo Restaurant, Inc. is the defendant.

A storage room was located behind the restaurant. Prior to November 28, 2008, a hot water heater was installed in the storage room. Café Belo employees were solely responsible for the maintenance of the hot water heater.

India Tea provided Café Belo with charcoal that was used for cooking in the restaurant. On

November 26, 2008, Alexander Lopez, the delivery driver for India Tea, delivered charcoal to the restaurant and placed it in the storage room. Lopez testified that he placed the charcoal in the location Café Belo employees identified. He also testified that he knew having charcoal too close to a hot water heater could create a fire hazard. On November 26, 2008, a fire ignited in the storage room. The Boston Fire Department was notified of the fire and responded to the scene. Firefighters found charcoal in contact with the hot water heater. After extensive firefighting efforts, the Boston Fire Department was able to extinguish the fire.

Subsequent to the fire, Mike Nolan, of NEFCO Fire Investigations, conducted an investigation to determine the cause and origin of the fire. Nolan determined that the fire originated in the storage room and "was the result of combustibles being placed too close to a natural gas hot water heater."

On May 31, 2011, Kenneth McLauchlan, a certified fire and explosion investigator and a professional engineer specializing in product defects, inspected the hot water heater at the NEFCO facility in Rochester, New Hampshire. Based on a label on top of the water heater, McLauchlan identified the hot water heater as a 75-gallon capacity Rheem Unit. During his inspection, McLauchlan observed that the burner compartment cover was not on the hot water heater. Rheem manufactures water heaters that comply with the standards promulgated by the American National Standards Institute ("ANSI").[1] McLauchlan concluded that Café Belo failed to ensure that the burner compartment cover was in place on the hot water heater in violation of ANSI Z21.10.1 and/or

---

[1] ANSI is a private non-profit organization that oversees the development of voluntary consensus standards for products, services, processes, systems, and personnel. ANSI, http://www.ansi.org/about_ansi/introduction/introduction.aspx?menuid=1 (last visited Jan. 10, 2012). ANSI standards are widely-accepted throughout the United States and internationally as an authoritative source for safety compliance. Id.

ANSI Z21.10.3.

After inspecting the hot water heater and reviewing the relevant evidence and testimony, McLauchlan reached the following conclusions: (1) the fire was caused by the ignition of bags of charcoal stacked in the storage room at the rear of the restaurant; (2) the ignition source was flame from the water heater main burner that rolled out due to restriction of the combustion air supply; (3) the stacking of sixty 20-pound bags of charcoal in a six-foot-by-six-foot storage room containing a gas-fired water heater was unreasonably dangerous; and (4) Lopez knew there was a fire hazard if the bags were stacked too close to the water heater.

II.   STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once a party has properly supported its motion for summary judgment, the burden shifts to the non-moving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial." Barbour v. Dynamics Research Corp., 63 F.3d 32, 37 (1st Cir. 1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). Moreover, the Court is "obliged to []view the record in the light most favorable to the nonmoving party, and to draw all reasonable inferences in the nonmoving party's favor." LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993). Even so, the Court is to ignore "conclusory allegations, improbable inferences, and unsupported speculation." Sullivan v. City of Springfield, 561 F.3d 7, 14 (1st Cir. 2009) (quotation omitted).

III.   DISCUSSION

   1. India Tea's Motion for Summary Judgment

India Tea moves for summary judgment contending that the record contains insufficient evidence to conclude it breached any duty of care.  Genuine issues of material fact preclude entry of summary judgment in favor of India Tea.  For example, the finder of fact could accept Lopez's testimony regarding his placement of the charcoal while finding he placed the charcoal negligently close to the hot water heater or it could reject Lopez's testimony while finding,, in light of the firefighters' observations, that he placed the charcoal next to the hot water heater.

   2.  Café Belo's Motion for Summary Judgment

Defendant Café Belo moves for summary judgment contending that the lease governing the premises contains a binding and enforceable subrogation waiver.  See Lumbermens Mut. Cas. Co. v. Grinnell Corp., 477 F. Supp. 2d 327, 330-31 (D. Mass. 2007) (citing Haemonetics Corp. V. Brophy & Phillips Co., Inc., 501 N.E.2d 524 (Mass. App. Ct. 1986)).  Genuine issues of material fact also preclude entry of summary judgment in favor of Café Belo.  In order to invoke this clause, at a minimum, Café Belo must establish that it is a party to the contract, however, the four corners of the lease documents do not name it as a party.  Thus, whether or not it may obtain the benefit of the contract raises factual issues in dispute.  Of course, if Café Belo can invoke the clause whether the clause can defeat a subrogation claim arising out of a failure to comply with statutes and codes enacted for public safety, if that is what occurred here, presents another question although one Judge and one Magistrate Judge of this Court have so applied such a waiver provision.  Great N. Ins. Co. v. Architectural Env'ts, Inc., 514 F. Supp. 2d 139, 144 (D. Mass. 2007) (Gorton, J.) adopting Report and Recommendation, 2007 U.S. Dist. LEXIS 76003 (D. Mass. Aug. 28, 2007) (Dein, M.J.).

IV.     CONCLUSION

For the foregoing reasons, India Tea's Motion for Summary Judgment (Docket #25) is DENIED and Café Belo's Motion for Summary Judgment (Docket #39) is DENIED. The hearing on March 12, 2012, is cancelled. The parties shall file a joint status report by February 1, 2012, informing the Court of the date of the anticipated mediation so that the Court can proceed to schedule a trial for a date after the conclusion of the remaining discovery and the mediation. The parties may confer with each other and the clerk regarding the trial date.

                                            SO ORDERED,

                                                /s / Leo T. Sorokin
                                            UNITED STATES MAGISTRATE JUDGE