UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL SURETY CORP., a/s/o Hallston Realty Assoc., LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 09-11771-LTS ) |
| INDIA TEA AND SPICES, INC., | ) ) |
| Defendant. | ) ) |
| and CAFÉ BELO RESTAURANT, INC., | ) ) ) |
| Defendant/Third-Party Plaintiff, | ) ) ) |
| v. | ) ) |
| CARPENTER & CO., | ) ) |
| Third-Party Defendant. | ) ) ) |

ORDER ON MOTION TO DISMISS

April 2, 2012

SOROKIN, C.M.J.

India Tea has filed a motion requesting the Court "for entry of [the] sanction of dismissal for spoilation of evidence." Docket # 63. India Tea asserts that Plaintiff had a duty to conduct a proper investigation into the cause of the subject fire and that it negligently failed to do so resulting in spoilation of evidence that has prejudiced India Tea's ability to defend against the claims in this case. Id. Contrary to India Tea's suggestion, although "this Court's jurisdiction over the instant suit is based on diversity, federal, rather than state, law governs the spoilation issue." Chapman v. Bernard's, Inc., 167 F. Supp. 2d 406, 413 (D. Mass. 2001) (Gorton, J.) (citing Townsend v. Am.

Insulated Panel Co., 174 F.R.D. 1, 4 (D. Mass. 1997) (Collings, M.J.)). Spoilation, in this context, means the destruction of evidence. See Chapman, 167 F. Supp. 2d at 413 (discussing whether adverse party prejudiced by "destruction of evidence" and whether the "destruction" was in good or bad faith). Here, India Tea complains almost exclusively of the failure to collect evidence. For example, India Tea asserts that Plaintiff's fire investigators failed to conduct an origin and cause examination in the restaurant's kitchen, they failed to investigate whether the fire was intentionally set, and they failed to conduct key witness interviews. Docket # 64 at 7.

India Tea makes only one complaint arguably in the nature of the destruction of evidence. India Tea's expert fire investigator found that communication and breaker box wires had been stripped and cut in a "suspicious manner after the fire." Docket # 64 at 6. No evidence whatsoever is offered regarding when, how, or by whom this act of stripping or breaking wires occurred. In short, there is no evidence whatsoever that Plaintiff destroyed evidence or even negligently permitted the destruction of evidence by another. Moreover, the timing further undermines India Tea's motion. The fire occurred on November 28, 2008. On January 15, 2009, the Plaintiff sent a letter via Federal Express to the President and Risk Manager of India Tea notifying India Tea of the fire and of India Tea's potential responsibility. India Tea received this letter the next day. More than three months later, on May 5, 2009, India Tea's insurer contacted the Plaintiff and sought additional information. Two years later, on March 25, 2011, India Tea's insurer retained an expert. About five months thereafter, on August 17, 2011, this expert examined the fire scene where he saw the stripped and broken wire.

In light of the totality of the circumstances, India Tea has failed to establish a sufficient basis to warrant the harsh sanction of dismissal. Accordingly the Motion to Dismiss (Docket # 63) is DENIED.

SO ORDERED,

   /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE